UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00643-GNS

WINONA ASHBY                                                                PLAINTIFF

v.

AMSCAN, INC. d/b/a DECO PAPER PRODUCTS                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant Amscan, Inc.'s ("Amscan") Motion to Dismiss, or in the Alternative Motion to Stay Proceedings (DN 3). For the reasons stated herein, the Court **GRANTS** the motion in part and **DENIES** the motion in part.

## I. BACKGROUND

On July 1, 2015, Plaintiff Winona Ashby ("Ashby") filed a complaint in Jefferson Circuit Court alleging that Amscan has violated the Kentucky Civil Rights Act ("KCRA") and the Family Medical Leave Act ("FMLA"). (Compl. 1-5, DN 1-2). On July 29, 2015, Amscan removed the case to this Court on the basis of both subject matter and diversity jurisdiction, and filed the instant motion. (Notice of Removal 2, DN 1; Def.'s Mot. to Dismiss, or in the Alternative Mot to Stay Proceedings [hereinafter Def.'s Mot.]). Plaintiff has responded (Pl.'s Resp. to Def.'s Mot., DN 6 [hereinafter Pl.'s Resp.]) and Amscan has replied in support of its motion (Def.'s Reply in Supp. of Def.'s Mot., DN 7 [hereinafter Def.'s Reply]). The motion is thus ripe for adjudication.

## II. JURISDICTION

This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" that is "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. DISCUSSION

In its motion, Amscan states that Ashby filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging similar allegations to those contained in her complaint, as well as a charge of discrimination with the Kentucky Commission on Human Rights. (Def.'s Mot. 1; Notice of Charge of Discrimination, DN 3-1). Amscan notes that "the doctrine of election of remedies prohibits the filing of this action until the administrative actions have concluded." (Def.'s Mot. 1-2). Amscan argues, accordingly, that this matter should be dismissed or, in the alternative, stayed pending the outcomes of the administrative actions. (Def.'s Mot. 2).

Ashby does not object to staying the current proceedings until the administrative actions have concluded. (Pl.'s Resp. 2). In its reply, Amscan notes Ashby's lack of objection to a stay and requests that the Court enter an order staying this proceeding. (Def.'s Reply 1). The parties being in agreement, the Court will grant a stay of these proceedings.

## IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS IN PART** Amscan, Inc.'s motion (DN 3) to the extent that this proceeding is **STAYED** pending the outcome of the administrative actions regarding these claims. At such time, either party may request by proper motion that this matter

be resumed. The Court **DENIES IN PART** Amscan, Inc.'s motion to the extent that it seeks

dismissal of this matter.

**Greg N. Stivers, Judge**
**United States District Court**

November 6, 2015

cc:      counsel of record

3